IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, DEPARTMENT OF FINANCE, | § § | No. 201, 2019 |
| | § | |
| Plaintiff Below, Appellant, | § § | Court Below—Court of Chancery of the State of Delaware |
| | § | |
| v. | § | C.A. No. 2018-0884-JRS |
| | § | |
| UNIVAR, INC., | § | |
| | § | |
| Defendant Below, Appellee. | § § | |

Submitted: May 7, 2019
Decided: June 18, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

### **O R D E R**

After consideration of the notice of appeal from an interlocutory order, it appears to the Court that:

(1)    The appellant, State of Delaware, Department of Finance (the "State"), has petitioned this Court under Supreme Court Rule 42 to accept an appeal from the Court of Chancery's order dated April 18, 2019, which implemented a bench ruling made on April 8, 2019.  The State filed the action in the Court of Chancery seeking enforcement of an administrative subpoena, through which the State seeks production of certain documents of the appellee, Univar, Inc., in connection with an audit of Univar's compliance with Delaware's statutory scheme for escheating

abandoned or unclaimed property, to which we refer as the "unclaimed property statute." The Court of Chancery's order stayed the case in favor of litigation pending before the United States District Court for the District of Delaware, in which Univar asserts various constitutional challenges to the Delaware unclaimed property statute and the application of that statute in connection with the State's audit of Univar. For the reasons discussed below, we refuse the interlocutory appeal.

(2)　　In 2015, the State issued a notice of examination to Univar, indicating that the State's third-party auditor, Kelmar Associates, LLC, would be conducting an audit to determine Univar's compliance with Delaware's unclaimed property statute. Over the next two and a half years, Kelmar issued records requests and Univar objected on multiple grounds, including various constitutional grounds. After the unclaimed property statute was amended in 2017, Univar added the objection that the amended statute violated the Ex Post Facto Clause of the United States Constitution. The 2017 amendments added a provision authorizing the State Escheator to issue an administrative subpoena to require the production of records for examination to determine compliance with the unclaimed property statute.[1] When Univar continued to resist production of the records requested by Kelmar, the State issued an administrative subpoena under the new statute, directing production of certain records no later than December 3, 2018.

---

[1] 12 *Del. C.* § 1171(3).

2

(3)     On December 3, 2018, Univar filed a complaint in the District Court, in which Univar alleges that the unclaimed property statute is unconstitutional, both facially and as applied to Univar.  Among many other constitutional challenges to the unclaimed property statute, Univar asserts in the federal action that (i) to the extent the statute permits the issuance of the subpoena, it is unconstitutional on its face, and (ii) applying the 2017 statutory amendments, including the new administrative subpoena power, to an audit period that begins in 1991 violates the Ex Post Facto Clause.

(4)     On December 7, 2018, the State filed a complaint in the Court of Chancery seeking to enforce the subpoena.  In addition to the provision authorizing the issuance of administrative subpoenas, the 2017 amendments authorize the State Escheator to "[b]ring an action in the Court of Chancery seeking enforcement of an administrative subpoena issued under paragraph (3) of this section, which the Court shall consider under procedures that will lead to an expeditious resolution of the action."[2]  Univar moved to dismiss or stay the Court of Chancery action in favor of the federal action.  The Court of Chancery stayed the action, invoking its "inherent power to manage its own docket, including the power to stay litigation on the basis of comity, efficiency, or simple common sense"[3] and its ability to take into account

---

[2] *Id.* § 1171(4).
[3] *State of Del. Dep't of Finance v. Univar, Inc.*, C.A. No. 2018-0884-JRS, Docket Entry No. 35, at 44-45 (Del. Ch.) (quoting *Paolino v. Mace Sec. Int'l, Inc.*, 985 A.2d 392, 397 (Del. Ch. 2009)).

3

"'practical considerations' that make it unduly complicated, inefficient, and unnecessary for the action before it to proceed ahead or apace of related litigation pending elsewhere."[4] The court observed that "Univar's federal complaint raises several constitutional questions concerning the unclaimed property statute and the State's enforcement of it, including, importantly, whether the State's newly created subpoena power, according to the defendant, the right the State seeks to enforce in this limited enforcement action, can be enforced retroactively under the ex post fact clause of the United States Constitution."[5] The court indicated that practical considerations weighed in favor of allowing the District Court to "determine how best to manage the several federal constitutional challenges that have been raised," because the issue before the Court of Chancery—whether to enforce the subpoena— was included in, but much narrower than, the issues before the District Court, and determination of the more limited issue might confound the determination of the broader claims.[6]

(5)     The Court of Chancery denied the State's application for certification of an interlocutory appeal.[7] The court held that the order staying the action did not decide a "substantial issue of material importance"[8] because it did not address the

---

[4] *Id.* at 45 (quoting *Brenner v. Albrecht*, 2012 WL 252286 (Del. Ch. Jan. 27, 2012) (alterations omitted)).

[5] *Id.* at 45-46.

[6] *Id.* at 47.

[7] State of Del. Dep't of Finance v. Univar, Inc., 2019 WL 1995150 (Del. May 6, 2019).

[8] Del. Supr. Ct. R. 42(b)(i).

substantive merits of the case.[9]  The court also determined that "the interests of justice would not be served by interlocutory review because the Court did not address the claims or defenses raised by the parties on the merits, but rather simply determined that the District Court should address the threshold federal constitutional issues before this Court determines whether to enforce the State's subpoena."[10] "With no substantial issue decided and no interest of justice implicated," the court concluded that it could not "say that the remote benefits of an interlocutory appeal outweigh the certain costs."[11]

(6)     We agree that interlocutory review is not warranted in this case.  The Court of Chancery exercised its discretion to stay litigation seeking enforcement of a subpoena issued under a statute that is the subject of federal constitutional challenges in federal court, and to avoid the potential for conflicting rulings and inefficiency.  The court also indicated its willingness to entertain a motion to lift the stay for the purpose of evaluating the constitutional issues as to the subpoena, should the District Court determine that those narrower issues should be decided by the state court.[12]  Applications for interlocutory review are addressed to the sound discretion of this Court.[13]  In the exercise of its discretion and giving great weight to the trial

---

[9] *See Univar*, 2019 WL 1995150, at *2.
[10] Id.
[11] Id.
[12] Ch. Tr. at 47.
[13] Del. Supr. Ct. R. 42(d)(v).

court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b), for the reasons stated in the Court of Chancery's order denying certification of the application for certification of interlocutory appeal. Although 12 *Del. C.* § 1171(4) provides that the Court of Chancery "shall" consider an action seeking enforcement of an administrative subpoena "under procedures that will lead to an expeditious resolution of the action," the statute does not specify the procedures or timeline to be employed, and the court exercised its discretion in determining that the most efficient means of resolving the dispute was to defer, for now, to the District Court. Duplicative or conflicting proceedings typically do not yield expeditious results. Exceptional circumstances that would merit interlocutory review of the decision of the Court of Chancery do not exist in this case,[14] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[14] Del. Supr. Ct. R. 42(b)(ii).

6